# Exhibit 2

UNITED STATES DISTRICT COURT
FOR THE Northern District of Illinois – CM/ECF NextGen 1.6.3
Eastern Division

Dongguan Yuhong ShenXuan Tech Co., Ltd
                                            Plaintiff,

v.                                                     Case No.: 1:23−cv−00268

Honorable Franklin U. Valderrama

John Doe
                                            Defendant.

## NOTIFICATION OF DOCKET ENTRY

This docket entry was made by the Clerk on Monday, January 23, 2023:

      MINUTE entry before the Honorable Franklin U. Valderrama: Having reviewed Plaintiff's renewed emergency ex parte motion for temporary restraining order, and its accompanying declaration from counsel stating that notice to Defendant regarding the motion would cause irreparable harm, the Court grants the motion [9], but requires Plaintiff to submit a deposit to secure the temporary restraining order. See R. 11 at 45 ("In my experience, once notice of a lawsuit is received, extorters such as Defendant will stop the email communication and begin to file hundreds of copyright complaints against the Plaintiff's store... trigger[ing] Amazon's deactivation procedure leading to significant drop of Plaintiff store's 'Account Health Rating' score. Plaintiff's store and other similar sellers store will be shut down permanently with no remedy to reopen."). The Court accepts counsel's justification why notice should not be required. Fed. R. Civ. P. 65(b)(1). The Court further finds that Plaintiff has a strong likelihood of prevailing on its claims and would suffer irreparable harm in lost profits, reputation and goodwill without a temporary restraining order; as Plaintiff explains, it relies entirely on online sales, has already had its ASINs delisted, and is at risk of being permanently removed from the online marketplace. R. 9 at 2022. However, the Court requires that Plaintiff deposit a $10,000 security with the Court to secure the temporary restraining order. Enter Sealed Temporary Restraining Order. Provided that Plaintiff provides the security described in paragraph 3 of the temporary restraining order, the temporary restraining order shall become effective on January 25, 2023 at 6:00 p.m. and shall expire fourteen (14) days from the effective date. Subsequently, Plaintiff may file for extension of the temporary restraining order or, after notice is given to Defendant, for a preliminary injunction. Emailed notice (axc).

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and

criminal dockets of this District. If a minute order or other document is enclosed, please refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Dongguan Yuhong ShenXuan Tech Co., Ltd,<br><br>*Plaintiff*,<br><br>v.<br><br>John Doe,<br><br>*Defendant*. | **CASE NO.** 23-cv-268<br><br>**Judge**: Honorable Franklin U. Valderrama<br><br>**Magistrate Judge**: Honorable Susan E. Cox |

**Sealed Temporary Restraining Order**

The Court, having reviewed the Complaint of Plaintiff, Dongguan Yuhong ShenXuan Tech Co., Ltd("Plaintiff"), ECF No. 1; Plaintiff's Motion for Temporary Restraining Order, and respective exhibits, ECF No. 9; the Declaration of Yong Chen, ECF No.10; the Declaration of Ruoting Men, ECF No. 11; and all pleadings and papers filed herein, grants Plaintiff's emergency *ex parte* motion for temporary restraining order.

The Court finds that issuing this Order without notice pursuant to Fed. R. Civ. P. 65(b)(1) is appropriate because Plaintiff has presented specific facts in the Declarations of Young Chen and Ruoting Men, and accompanying evidence clearly showing that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition. Specifically, in the absence of an ex parte Order, Defendants could and likely would begin to file hundreds of copyright complaints against the Plaintiff's online store and other stores selling similar products, triggering the marketplace's deactivation procedure. The Court finds that Plaintiff has shown (a) Plaintiff has a reasonable likelihood of success on the merits, (b) no adequate remedy at law exists, (c) Plaintiff will suffer irreparable harm without injunctive relief, (d) the irreparable

harm suffered to Plaintiff without injunctive relief outweighs the harm Defendants will suffer if the injunction is granted, and (e) the injunction will not harm the public interest. The Court having found Plaintiff has met the requirements pursuit to Fed. R. Civ. P. 65, and for the reasons stated in the Court's Order, it is

ORDERED, that Defendant and its affiliates:

1. Refrain from filing or otherwise communicating any allegations of copyright infringement (Registration Number: VA0002294116) by Dongguan Yuhong ShenXuan Tech Co., Ltd. to any third party relative to the Dongguan Yuhong ShenXuan Tech Co., Ltd Nose Hair Trimmer product referenced in the Complaint.

2. Retract its already filed Copyright Complaints against the Plaintiff, facilitate the reinstatement of Plaintiff's ASINs B0994HKZRF, B098NSHBQK, B0BFQFFRQL and B0BFQG8MSR.

3. By January 25, 2023, at 6:00 p.m., Plaintiff shall deposit with the Court ten thousand dollars ($10,000.00), either cash or surety bond, as security, which amount was determined adequate for the payment of such damages as any person may be entitled to recover as a result of a wrongful restraint hereunder.

4. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiff or on shorter notice as set by this Court.

2

5. Provided that Plaintiff posts the security as described in paragraph 3 by the date and time indicated in paragraph 3, this Temporary Restraining Order without notice shall become effective on January 25, 2023, at 6:00 p.m.. and shall remain in effect for fourteen (14) days

SO ORDERED.

Dated: January 23, 2023

                                                                                                                     Franklin U. Valderrama
                                                                                                                      United States District Judge